June 15,
1954. } No. 4336.

OPINION OF THE JUSTICES.

The following resolution adopted by the Governor and Council assembled in executive session April 30, 1954, was filed in this court May 11, 1954:

"Whereas, in the layout of a toll-free limited access section of the Eastern New Hampshire Turnpike authorized by Laws of 1953, chapter 237, rights of access, air, light and view to, from and over said highway have been purchased or condemned as to some abutting owners and certain other abutters on said turnpike section have been permitted, as existing facilities, to retain right of access, air, light and view thereby raising important question of law, now therefore be it

"Resolved by the Governor and Council assembled in executive session, that the opinion of the Justices of the Supreme Court be respectfully requested upon the following important question:

"1. May an existing facility, defined as a going business establishment abutting and having direct access upon a highway, be authorized to retain its location and access when said highway becomes a toll-free limited access highway and all rights of access, air, light and view are denied to neighboring abutting owners who have not so developed their lands abutting said highway?"

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned the Justices of the Supreme Court make the following answer to the question contained in your resolution filed on May 11, 1954. Although in general terms, the question is understood to relate primarily to existing facilities upon the Eastern New Hampshire Turnpike (Laws 1953, *c.* 237) referred to in the resolution.

Laws 1953, *c.* 237, repealed Laws 1947, *c.* 295, and substituted therefor a wholly new chapter. Section 1 of the chapter as so amended provides that the Commissioner of Public Works and Highways, "with the approval of the governor and council," shall locate and construct the Eastern New Hampshire Turnpike, operate and maintain it as a toll road, and among other things acquire necessary rights by condemnation (*s.* 1(b) ), designate, limit and control points of ingress and egress (*s.* 1(c) ), and permit toll-free use of certain sections "if it is for the public good." *S.* 1(d). It is evident that the question upon which our opinion is sought is one pending in a body entitled to the advice sought and relating to its official duty. *Opinion of the Justices,* 96 N. H. 517. *Cf. Opinion of the Justices,* 93 N. H. 477.

While the turnpike in question is to be a limited access highway, express statutory authorization is provided by which existing commercial facilities may be authorized to retain their location and access under specified conditions. Section 9, chapter 237, Laws 1953, specifically provides that the toll road in question shall be a limited access highway as defined in the Highway Law of 1945, Part 7, (R. L., *c.* 90, Part 7, as inserted by Laws 1945, *c.* 188) "except that section 8 [thereof] shall not apply to . . . existing facilities on highways, not now restricted as to access, used as toll-free sections of the turnpike."

Since section 8 of the Highway Law of 1945 forbids authorization of commercial enterprises upon a limited access highway, the effect of the quoted provisions of Laws 1953, *c.* 237, *s.* 9 is to permit authorization of such enterprises which were in existence on June 16, 1953, the effective date of the act, on highways not then restricted as to access provided such highways are to be used as toll-free sections of the new turnpike. As to commercial enterprises or activities on the new turnpike not coming within the

exception provided by section 9, *supra,* the prohibition of section 8, Part 7, of the Highway Law of 1945 continues in effect, and such facilities may not be permitted. So far as the answer to your inquiry depends upon statute, the answer is "yes."

A further question may be thought to be presented as to whether the provisions of section 9, chapter 237, Laws 1953, necessarily produce an unconstitutional discrimination against the owners of properties which abut the toll-free section of the limited access highway, but have not been developed into going business establishments and will be deprived of rights of access, air, light or view, upon establishment of the turnpike. See *State* v. *Moore,* 91 N. H. 16, 19. Certain property owners, by actions now pending, allege that such discrimination has resulted or will result with respect to property owned by them, and urge that we decline to give an advisory opinion with respect to your question because of the issues presented by their actions. *Opinion of the Justices,* 81 N. H. 563, 565, and opinions cited. So far as the vested rights of particular private litigants are concerned, we do not intend that such rights shall be determined by our answer.

The broad question of whether established and developed commercial enterprises upon toll-free sections of a limited access highway may in general be treated differently from properties not so developed or established, is one which concerns the public rights and to which answer may properly be given in general terms. The provisions of section 9 of chapter 237, Laws 1953 are constitutional upon their face. Their effect is to permit, but not require the continuance of existing commercial enterprises under the conditions specified. "The argument of unjust discrimination in the permission of the continuance of existing conditions while new or additional ones of the same type or kind are forbidden, overlooks the public right to prevent their increase although it may or does not order that existing ones shall cease. Classification by which unsuitable conditions are restrained within their existing extent is not unreasonable. The hardship of taking away an established use may well be regarded as greater than of prevention of a new one. The seriousness of the restriction upon the private right is to be considered in balance with the expediency of the public interest. *Woolf* v. *Fuller,* 87 N. H. 64, 68, 69. It is reasonably just to classify between existing use and proposed use although otherwise the uses may be the same." *Stone* v. *Cray,* 89 N. H. 483, 485.

While *Stone* v. *Cray, supra,* was concerned with exercise of the

police or protective power for zoning purposes, the principle enunciated is equally applicable to exercise of the same power in the regulation of highways and traffic thereon. Under that power the Highway Law of 1945, Part 7, section 3, confers authority upon the Highway Commissioner "to so regulate, restrict, or prohibit access" upon any limited access highway "as to best serve the traffic for which such facility is intended." This authority was not restricted by Laws 1953, c. 237, and the provisions of that chapter which have a like purpose are valid. The classification described in your question will not necessarily produce unconstitutional discrimination, and is constitutional if applied in consistency with the purpose of the statute. Thus so far as your inquiry is affected by constitutional considerations, it is likewise answered "yes."

In so answering, we do not suggest that unconstitutional discrimination cannot possibly arise in specific application of the authority to permit existing facilities to continue. Where such permission is reasonably calculated to promote the public purpose which permits classification between existing and proposed use, such permission will be valid. See *Sundeen* v. *Rogers,* 83 N. H. 253, 258. The expediency of the public interest is to be weighed against the seriousness of the restriction upon the private right. *Richardson* v. *Beattie,* 98 N. H. 71, 76. The facts and circumstances surrounding the individual properties involved in the classification must be taken into account. *Woolf* v. *Fuller,* 87 N. H. 64, 73. Consequently we do not undertake to advise concerning questions relating to specific properties, whether the same be presented by pending actions or not.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
JOHN R. GOODNOW.

June 15, 1954.

*Leo Liberson* for Judith S. Wiseman & a.; *Charles J. Griffin* for Charles Carkin; *Thomas E. Flynn, Jr.* and *John DeCourcy* for Ruth D. Twitchell, opposed to an answer.